Shpetim KUKA, Luzime Kuka, Marsel Kuka, Angjelo Kuka, Petitioners,

v.

Alberto GONZALES, United States Attorney General, Respondent.

No. 06–3882–ag.

United States Court of Appeals, Second Circuit.

June 19, 2007.

746

Andrew P. Johnson, New York, NY, for Petitioners.

Chuck Rosenberg, U.S. Atty., Monika L. Moore, Asst. U.S. Atty., Alexandria, VA, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioners Shpetim Kuka, his wife Luzime, and his children Marsel and Angjelo, citizens of Albania, seek review of an August 2, 2006 order of the Board of Immigration Appeals ("BIA"), affirming the March 18, 2005 decision of Immigration Judge ("IJ") Matthew J. D'Angelo, denying their applications for asylum, withholding of removal and relief under the Con-

vention Against Torture ("CAT"). *In re Shpetim Kuka, Luzime Kuka, Marsel Kuka, and Angjelo Kuka,* Nos. A78 690 281, A78 690 282, A78 690 283, A78 690 283 (B.I.A. Aug. 2, 2006) *aff'g* Nos. A78 690 281, A78 690 282, A78 690 283, A78 690 283 (Immig. Ct. Hartford March 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Edimo–Doualla v. Gonzales,* 464 F.3d 276, 282 (2d Cir.2006).

The BIA's finding that Shpetim Kuka does not have a well-founded fear of future persecution is supported by substantial evidence. His claim, for himself and on behalf of his wife and children, rests on his political activism against the pre–1991 communist regime and post–1997 Socialist Party in Albania. The harm that Kuka suffered was during the times when the Democratic Party was not in the majority. Therefore, the BIA reasonably considered the fact that the Democratic Party is now in control to be a fundamental change in the political conditions in Albania, and that it rebuts the presumption of a well-found-

ed fear of persecution. Moreover, recent Country Reports indicate that the police no longer abuse protestors in Albania. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 186, 188 (2d Cir.2006). Thus, the BIA was reasonable in finding that Kuka has no objectively reasonable fear of returning to Albania. Therefore, the BIA's finding that Kuka did not meet his burden of proof in establishing eligibility for asylum is supported by substantial evidence. *Zhou Yun Zhang,* 386 F.3d at 73.

Likewise, the BIA's finding that Kuka did not meet the higher burden of proof to establish eligibility for withholding of removal is supported by substantial evidence. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Similarly, the BIA reasonably found that it was not more likely than not that Kuka would be tortured in Albania. *Id.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).